37993.   DIXON *v.* THE STATE.

GARDNER, Presiding Judge.   James Edward Dixon, was convicted of the charge that he "did break and enter the storehouse and place of business . . . where valuable goods were contained," with intent to steal.   His motion for new trial based on the general grounds only was denied, and it is to that judgment that the case is here for review.

The evidence shows as follows:   James Ira Scott, who owned the place of business which was allegedly burglarized, testified substantially that when he opened his place of business on February 14, 1959, he discovered that it had been burgarlized, whereupon he called the East Point Police Department and a detective was sent to investigate the matter; that he, the owner, had locked the doors and windows the previous evening but as soon as he walked in the next morning he discovered something was wrong; that when he turned the juke box on he discovered that it had been broken open, and discovered also that a window had been broken; that there was no change in the juke box although there had been some there the night before.   The witness testified that he had never seen the defendant in his place of business but he had seen Willie James Thompson, who was indicted along with the defendant.

L. M. Banks testified on behalf of the State, substantially that he was a detective employed by the City of East Point; that he knew the defendant on trial; that when he picked up Thompson and Dixon, Thompson implicated Dixon; that the detectives had information that the defendant would buy a cup of coffee and tip 30 or 40 cents; that, upon questioning, the

defendant admitted participating in the burglary; that none of the money was recovered; that the defendant pleaded guilty at that time; that no written confession was taken from the defendant or from Thompson; that the defendant was under no form of intimidation when he admitted the burglary and neither was he offered any hope of reward.

H. L. Stanley, testifying for the State stated that he was a detective employed by the City of East Point; that he had worked for the police department for over twenty years; that the defendant pleaded guilty to the burglary.

The defendant made a statement in the nature of a general denial.

In a case such as here depicted it is only necessary to prove breaking and entering with intent to steal. In the present case we have evidence of breaking and entering, as well as a confession.

In view of the whole record before this court we find the evidence sufficient to sustain the verdict of guilty as to the general grounds.

The court did not err in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED NOVEMBER 13, 1959.

*J. Sidney Lanier,* for plaintiff in error.

*Paul Webb, Solicitor-General, Thomas R. Luck, Jr., Frank S. French, Eugene L. Tiller, Assistant Solicitors-General,* contra.